ATCHISON, T. & S. F. RY. CO. v. W. B. JOHNSTON GRAIN CO., Inc.

Civ. No. 5625.

United States District Court
W. D. Oklahoma.

June 22, 1953.

———◆———

Rainey, Flynn, Green & Anderson, Oklahoma City, Okl., for plaintiff.

Simons, Simons, Mitchell, Headrick & Munn, Enid, Okl., for defendant.

WALLACE, District Judge.

The plaintiff, Atchison, Topeka and Santa Fe Railway Company, a corporation,

brings this action against the defendant, W. B. Johnston Grain Co., Inc., a corporation, to recover an undercharge allegedly owed in connection with a shipment of beans transported by the plaintiff from Crescent, Oklahoma, to Vancouver, British Columbia.[1]

From the evidence, all of which was introduced by stipulation, the Court finds:

(1) The Johnston Seed Company and the defendant, W. B. Johnston Grain Company are two separate corporations; both corporations are distinct entities although they have similar, but not identical, corporate officers and directors.[2]

Each of the two corporations has individual management and individual bank accounts; each files separate income tax returns and has posted with the plaintiff railway a separate bond to guarantee payment of freight.

(2) The shipment in question was made by the said Johnston Seed Company, a nonparty to this suit.

(3) The Johnston Seed Company prepaid the freight charge suggested by the plaintiff and signed a "without recourse clause" on the related bill of lading; this clause provided:

"Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:

"The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges."

(4) At no time did a contractual relationship, express or implied, exist between the plaintiff and the defendant, in regard to the shipment in question.

(5) The occurrences giving rise to the purported estoppel pleaded by the plaintiff in plaintiff's first-amended complaint came about approximately two years after the shipment in view took place.

(6) There is no merging of the separate and distinct identities of the defendant corporation, W. B. Johnston Grain Company, and the said Johnston Seed Company.

(7) No relationship of principal and agent existed between the defendant, W. B. Johnston Grain Company, and the said Johnston Seed Company, insofar as the shipment in question is concerned.

 Under the presented evidence the Court believes that no cause or right of action exists in favor of the plaintiff against the defendant corporation sued herein. If the plaintiff has a cause of action in regard to the shipment involved, such cause exists against the said Johnston Seed Company.[3]

 Also, no element of estoppel against the defendant enters in inasmuch as the only conduct which could possibly give rise to such a claim transpired some two years *after* the shipment in litigation took place. It is, of course, elementary that no person nor company can claim the benefit of estoppel without proof that he or it was misled as a direct result of the conduct or statements of the adverse party.[4] The plaintiff had already altered its position

1. Plaintiff alleges that at the time of this shipment there were in force and effect certain tariffs, classifications and schedules governing the handling of freight of this class, the tariffs, classifications, and schedules being duly filed with the Interstate Commerce Commission at Washington, D. C.; and that the tariffs, etc., provided for a rate of $1.93 per hundred weight, but that defendant company paid only $1.34 per hundred weight.

2. It was stipulated that the officers of W. B. Johnston Grain Company are: Dale H. Johnston, President; Joe Meibergen, Vice-President; Wayne Sneary, Secretary-Treasurer, and that the officers of Johnston Seed Company are: Dale H. Johnston, President; Sybil Johnston, Vice-President; Joe Meibergen, Secretary, Clifton Hill, Treasurer and General Manager.

3. In view of the "without recourse" clause executed by the Johnston Seed Company it is very questionable that plaintiff could successfully bring suit against the Johnston Seed Company.

4. As mentioned in Williamson-Halsell-Frasier Co. v. King, 1916, 58 Okl. 120, 158 P. 1142, Syl. No. 4, "It is the very essence of an estoppel that the person claiming the benefits thereof was induced thereby to do the things which he did; and one who has not altered his situation

**398**

long before the defendant's acts, allegedly giving rise to the estoppel, transpired.

The defendant corporation is entitled to judgment.

Counsel should submit a journal entry within ten days.

in reliance upon the conduct or statement urged cannot predicate an estoppel there-

on." Accord, Hawkins v. Mattes, 1935, 171 Okl. 186, 41 P.2d 880.